UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILMA ROSSELLE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:22-CV-00358-SPM |
| | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b). (Doc. 20). On March 28, 2022, Plaintiff filed a Complaint in this Court seeking review of the decision of the Social Security Administration ("SSA") denying Plaintiff's application for Disability Insurance Benefits. (Doc. 1). On September 9, 2022, this Court entered a final judgment reversing and remanding this case to the Commissioner of Social Security for further action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16). Thereafter, this Court awarded Plaintiff attorney's fees in the amount of $3,788.40 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 19). On remand, on July 26, 2023, the Social Security Administration found that Plaintiff had been disabled since February 15, 2020. Pl.'s Ex. 1. Plaintiff was awarded ongoing and past-due benefits. Pl.'s Ex. 2.

Plaintiff's attorney now seeks an award of fees in the amount of $13,203.23 under 42 U.S.C. § 406(b). In support of this request, Plaintiff's attorney submits (1) a "Fee Agreement for

1

Representation in United States District Court," signed on March 1, 2022, in which Plaintiff agreed

that if she received benefits after a remand or reversal from the District Court, her attorney would

be "entitled to 25% of [her] back pay for work performed in front of the United States District

Court," Pl.s' Ex. 3; (2) an itemization of the 16.4 hours Plaintiff's attorney worked on Plaintiff's

case before this Court, Pl.'s Ex. 4; and (3) a copy of the Notice of Award from the SSA setting

forth monthly amounts of past and ongoing benefits, Pl.'s Ex. 2. The Court has not found a

calculation of the total amount of Plaintiff's past-due benefits award in Plaintiff's  counsel's brief

or exhibits. However, the Social Security Administration stated in the Notice of Award that it

"usually withhold[s] 25 percent of past-due benefits in order to pay the approved representative's

fee" and that it "withheld $13,203.23 from [Plaintiff's] first check." *See* Pl.'s Ex. 2. Based on this,

it appears that the amount of past-due benefits is $52,812.92.[1]

Defendant has filed a response to Plaintiff's motion, stating that Defendant has no direct

financial stake in the outcome of the motion and thus "neither supports nor opposes" the request.

(Doc. 21). Defendant notes that it is for the Court to determine whether the request is reasonable.

Defendant also requests that the Court order indicate that the amount of any award under § 406(b)

is to be paid out of Plaintiff's past-due benefits in accordance with agency policy. Defendant

further notes that when an attorney receives fees under both the EAJA and 42 U.S.C. § 406(b), the

attorney must refund the smaller fee award to the claimant, and Defendant asks the Court to direct

Plaintiff's counsel to reimburse Plaintiff any fees she previously received under the EAJA.

Plaintiff's counsel did not file a reply opposing any of these requests.

---

[1] This amount is consistent with Plaintiff's brief characterizing the past-due benefits award as "over $50,000" and is within $14 of the amount that resulted when the Court manually calculated the past-due benefit award based on the monthly amounts listed in the Notice of Award.

Under 42 U.S.C. § 406(b)(1)(A),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

The Supreme Court has held that "§ 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* The court should examine the contingent-fee agreement, test the agreement for reasonableness, and then (if necessary), reduce the fee award based on the character of the representation and the results the representation achieved. *Id.* at 808. A reduction may be appropriate if the attorney is responsible for delay or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

After conducting an independent review of the record, the Court finds that the fee agreement is reasonable and finds no basis for a reduction in the amount of the fee set forth in the fee agreement. Plaintiff's counsel has documented the contingency fee agreement. Plaintiff's counsel received an excellent result for Plaintiff, and there is nothing to indicate that Plaintiff's counsel was responsible for any delay. The Court also finds that the effective rate of $805.08

sought is reasonable. As one way of evaluating the reasonableness of fees sought pursuant to § 406(b), Courts in the Western District of Missouri routinely "compare the requested fee as though it were an hourly rate divided by 2.8—meant to represent the statistical likelihood of success—with the normal hourly rate Counsel might receive on a non-contingent basis." *Grohusky v. Kijakazi*, No. 4:19-CV-00571-WJE, 2022 WL 2513363, at *2 (W.D. Mo. July 5, 2022) (collecting cases taking this approach and approving a § 406(b) fee award where the effective hourly rate sought, divided by 2.8, was close to the EAJA fee rate). Here, the effective hourly rate of $805.08, divided by 2.8, is $ 287.53—a rate close to the $231.00 hourly rate the Court previously awarded under the EAJA.

In sum, after considering the fee agreement in light of the *Gisbrecht* factors, the Court finds that Plaintiff's counsel is entitled to a fee of $13,203.23 under 42 U.S.C. § 406(b). Where fees have been awarded under both the EAJA and § 406(b), the plaintiff's attorney must refund to the plaintiff the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel acknowledges this obligation, and the Court expects Plaintiff's counsel to comply with this obligation. However, as other judges in this district have previously found, there is no obligation for the Court to take any action with respect to the refund. *See Pyeatt v. Saul*, No. 4:18-CV-2001 NAB, 2021 WL 2209325, at *2 (E.D. Mo. June 1, 2021) ("This Court has previously held that although Plaintiff's counsel is obligated to refund the lesser amount of fees, there is no obligation for the Court to take any action with respect to the refund."). *Accord Green v. Berryhill*, No. 4:14CV918 RLW, 2017 WL 2167435, at *2 (E.D. Mo. May 16, 2017); *Lowry v. Colvin*, No. 1:13 CV 145 JMB, 2016 WL 4720449, at *1 n.2 (E.D. Mo. Sept. 9, 2016).

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Award of Attorney Fees Under

42 U.S.C. § 406(b) (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that $13,203.23 shall be paid to Plaintiff's attorney out of

Plaintiff's past-due benefits in accordance with agency policy.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of November, 2023.